UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHARD JENKINS | CIVIL ACTION NO. 19-cv-0021

VERSUS | CHIEF JUDGE HICKS

DIGCO UTILITY CONSTRUCTION, LP, ET AL | MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed this suit in state court for damages he sustained in a fall at his home. Defendants Digco Utility Construction, LP ("Digco") and CenterPoint Energy Resources Corp. ("CenterPoint") both filed answers in state court. Digco later removed the action to federal court based on an assertion of diversity jurisdiction, which puts the burden on the removing party to allege specific facts to show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

Digco alleges in its notice of removal that Plaintiff is a citizen of Louisiana and that CenterPoint is a Delaware corporation with its principal place of business in Texas. The notice of removal also asserts that the $75,000 threshold is met due to Plaintiff's impending hip surgery. These allegations are sufficient.

Digco's allegations with respect to its own citizenship, however, are insufficient to establish diversity jurisdiction. The citizenship of an LLC (or an LP) is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of

every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

The notice of removal asserts that Digco is a limited liability company and is an indirect, wholly owned subsidiary of Quanta Services, Inc., a corporation with its principal place of business in Texas. Presumably, Digco was attempting to allege that Quanta is the sole member of Digco; however, this fact must be specifically alleged in order to establish jurisdiction. Settlement Funding, 851 F.3d at 536. Additionally, the notice of removal failed to allege Quanta's state of incorporation.

Accordingly, Digco must file an amended notice of removal by **January 18, 2019** that sets forth the necessary details regarding its citizenship and the citizenship of all of its members. Failure to do so may result in the case being remanded to state court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge